**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Mario ALATORRE–FLORES,**
**Defendant—Appellant.**

**No. 02–10190.**
**D.C. No. CR–01–00170–1–SRB.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2003.*

Decided April 23, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before FERGUSON, McKEOWN, and RAWLINSON, Circuit Judges.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM**

Mario Alatorre–Flores appeals the district court's order denying his motion to dismiss his indictment. In 1994, Flores pled guilty to transportation of three grams of methamphetamine. In 1997, the INS initiated removal proceedings pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), asserting that Flores' 1994 conviction constituted an aggravated felony.

Flores contested his removal, claiming that his prior conviction did not constitute an aggravated felony. The Immigration Judge disagreed and ruled that IIRIRA precluded Flores from seeking discretionary relief from deportation. Flores was subsequently deported. He was arrested in Arizona two years later and indicted for illegal reentry. Flores moved to dismiss the indictment, challenging the validity of his original deportation. The motion was denied and Flores is currently serving a three-year sentence.

Essentially, Flores argues two points in this appeal: 1) that his 1994 conviction did not constitute an aggravated felony, and 2) that he should not have been precluded from applying for discretionary relief from the original deportation order. Both arguments fail.

Flores' 1994 conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). This trafficking offense is defined by the California Health and Safety Code § 11379(a), which also encompasses certain solicitation crimes not qualifying as aggravated felonies. However, Flores specifically pled guilty to transportation, not solicitation. In addition, Flores' knowledge of the presence of the methamphetamine at the time of his arrest is

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reflected in the record. Accordingly, Flores' conviction qualifies as an aggravated felony.

Flores may not appeal his preclusion from seeking discretionary relief because he failed to exhaust all administrative remedies on this issue, *see United States v. Garza–Sanchez,* 217 F.3d 806, 808 (9th Cir.2000), and he cannot establish that the deportation order improperly deprived him of judicial review or was fundamentally unfair.

**AFFIRMED** as to the judgment of conviction and sentence and **DISMISSED** as to the collateral attack on the deportation.